# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **In re:** | BANKRUPCTY CASE NO. 20-42050-can-13 |
| **KEVIN ANTHONY MARKS** | |
| **AND** | |
| **AMANDA RENEE MARKS** | |
| Debtor(s) | ADVERSARY CASE NO. |
| **RICHARD V. FINK, STANDING CHAPTER 13 TRUSTEE,** | |
| Plaintiff | |
| vs. | |
| **CARVANA LLC** <br> 1930 W. RIO SALADO PKWY <br> TEMPE, AZ 85281 | |
| **CARVANA LLC** <br> PO BOX 29018 <br> PHOENIX, AZ 85038 | |
| **CARVANA LLC** <br> PO BOX 29002 <br> PHOENIX, AZ 85038 | |
| **CARVANA LLC** <br> c/o CSC-LAWYERS INCORPORATING SERVICE COMPANY <br> 221 BOLIVAR ST. <br> JEFFERSON CITY, MO 65101 | |
| Defendant(s). | |

## COMPLAINT TO AVOID PREFERENTIAL TRANSFER

COMES NOW, Plaintiff, Richard V. Fink, the Standing Chapter 13 Trustee for the Western District of Missouri ("Plaintiff") by and through his counsel, and for his Complaint to Avoid Preferential Transfer against Carvana LLC ("Defendant") states as follows:

1) Richard V. Fink is the duly qualified and acting trustee in the above referenced case.

2) This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157.

3) This is a statutorily and constitutionally core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant adversary proceeding is related to the above-captioned case under title 11 of the United Sates which is still pending.

4) Plaintiff brings this proceeding to avoid a preferential transfer pursuant to 11 U.S.C. §547.

5) On December 2, 2020, Kevin Anthony Marks and Amanda Renee Marks ("Debtors") filed for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

6) Debtors are individuals who reside at 200 NW Almond Drive, Blue Springs, Missouri.

7) Defendant is the entity that financed Debtor Kevin Anthony Marks' purchase of a 2015 Ford Flex.

8) Defendant filed claim 1 on December 4, 2020 in the amount of $18,017.04. The claim is listed as secured by a 2015 Ford Flex with VIN 2FMGK5C88FBA16800. Pursuant to the proof of claim, the noticing address is Carvana, LLC PO Box 29018, Phoenix, AZ 85038.

9) Pursuant to the proposed plan and filed proof of claim (and prior to becoming aware of an issue with the perfection of the security interest), the trustee disbursed adequate protection payments to Defendant in the amount of $395.00.

10) On or around August 5, 2020, Kevin Anthony Marks ("Debtor") purchased a 2015 Ford Flex with VIN 2FMGK5C88FBA16800 ("Vehicle").

11) According to information that Plaintiff obtained from the Missouri Department of Revenue, the Notice of Lien was filed by Defendant on or around October 30, 2020.

12) According to information that Plaintiff obtained from the Missouri Department of Revenue, Debtor titled the vehicle with Defendant listed as the lienholder on or around October 23, 2020.

13) Defendant's security interest in the Vehicle was perfected by the act of Debtor titling the Vehicle on October 23, 2020, more than 30 days from the purchase date.

14) Defendant's security interest in the vehicle was perfected within the 90-day period prior to the filing of the bankruptcy petition but outside of the 30 days allowed for the perfection of such interest pursuant to 11 U.S.C. §547(b) & (c)(3)(B).

15) The transfer was to or for the benefit of Defendant and was for or on account of an antecedent debt owed by Debtor before such transfer was made.

16) Pursuant to §547(e)(2)(B), the transfer occurred on October 23, 2020, the date that the security interest was perfected.

17) Said transfer was made while Debtor was insolvent.

18) Said transfer will enable Defendant to recover more than it would receive as a creditor if:

    a. The bankruptcy case was a case under Chapter 7 of Title 11 of the United States Code;
    b. The transfer had not been made; and
    c. The Defendant received payment of the debt to the extent provided by the provisions of said Title 11.

19) The trustee is entitled to avoid this alleged transfer pursuant to 11 U.S.C. §547(b) as more than 30 days passed from the purchase date to the Certificate of Title date and the transfer date is within 90 days of the petition date.

WHEREFORE Plaintiff prays for judgment as follows:

1) An order avoiding the aforesaid preferential transfer; and

2) An order allowing the trustee to treat Defendant's claim 1 as a secured claim in the amount of $395.00 (the adequate protection payments previously disbursed) with the remainder allowed as a non-priority unsecured claim; and

3) An order preserving the property for the benefit of the bankruptcy estate as provided in 11 U.S.C. §550 and/or §551; and

4) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Dana M. Estes*
Dana M. Estes, #47540
Office of the Chapter 13 Trustee for the
Western District of Missouri
Richard V. Fink, Trustee
2345 Grand Blvd., Ste. 1200
Dated: February 23, 2021                    Kansas City, Mo. 64108-2663